### SAWYER *v.* GRAY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE
NINTH CIRCUIT.

No. 632.   Argued April 22, 1915.—Decided June 1, 1915.

*Daniels* v. *Wagner, ante,* p. 547, followed to the effect that the Secretary
of the Interior has no discretionary power to refuse to allow land
properly selected for exchange under the Forest Lieu Land Act of
June 4, 1897, to be patented to an applicant who has complied with
all statutory requirements in regard to such exchange.

THE facts, which involve the construction of the Forest
Lieu Lands Act of 1897 and the extent of discretionary
power on the Secretary of the Interior to reject applica-
tions for exchange of lands thereunder, are stated in the
opinion.

*Mr. Francis W. Clements,* with whom *Mr. Alexander
Britton* and *Mr. Evans Browne* were on the brief, for appel-
lants.

*Mr. H. H. Field,* with whom *Mr. F. M. Dudley* was on
the brief, for appellees.

MR. CHIEF JUSTICE WHITE delivered the opinion of the
court.

This case is controlled by *Daniels* v. *Wagner,* No. 238,
*ante,* p. 547, recently decided.  The suit was brought for

the purpose of obtaining a decree recognizing the claim of ownership of the complainants to the west half of section 32, Township 11 North, Range 4 East of the Willamette Meridian, County of Lewis, State of Washington, and of further having it decreed that the defendants holding under patents of the United States were subject to a trust in favor of the complainants because the Land Department by a mistake of law had patented the land to the defendants or their assignors when, if the law had been complied with, the patents should have been issued to the complainants. Some of the defendants were the original patentees and others held under assignments of right based upon such patents and as to all the bill explicitly charged actual notice or such a state of fact as would constitute constructive notice and want of good faith.

The facts as alleged in the complaint were briefly these: On March 29, 1900, the complainants, or F. A. Hyde & Company under whom they held, applied to the Local Land Officer at Vancouver, Washington, to enter 1120 acres of unappropriated public lands under the Act of June 4, 1897, in lieu of lands in California owned by F. A. Hyde & Co., which had been included in the Pine Mountain and Zaca Lake Forest Reserve. The bill alleged that all the necessary steps to comply with the law and regulations concerning the selection of the lieu land had been complied with. It was further averred that at the time this application was filed there was pending in the Local Land Office an application of the State of Washington for a survey of the township in which the lieu land applied for was situated to enable the State to make selections of land which it was entitled under the law to make and which it was the duty of the State to make within sixty days after survey. It was alleged that the lieu land application was forwarded by the local land officers to the Commissioner of the General Land Office, as it was their duty under the law to do, and that the same was rejected by the Commis-

sioner of the General Land Office on the ground that the land was not subject to the lieu entry because of the pendency of the application of the State for survey, and that the action of the Commissioner was affirmed by the Secretary of the Interior. The bill charged that under the law and the settled practice of the Land Department the rejection of the application was wrong as it should have been held in abeyance to await the completion of the survey and the selection to be made by the State within the limits of the survey under its asserted rights, and after the selection by the State should have then attached to the land provided the land was not included in the selection made by the State. The bill further alleged that on March 2, 1902, after the action of the Secretary of the Interior above stated, the complainants, or F. A. Hyde & Company under whom they claimed, made a further application to be allowed to enter the land in controversy; that is, the west half of section 32, township 11 north, range 4 east of the Willamette Meridian in Lewis County, Washington, as lieu land, the land to which said entry related being included in the larger area previously applied for and rejected under the circumstances stated. It was averred that at the time said application was made the survey asked for by the State of Washington was no longer pending because it had been completed and the State had made its selection of lands within the area of the survey, which selections did not include the land in question. The existence of notice actual or constructive and the want of good faith was also charged as against the defendants concerning the fact of this application. It was moreover alleged that it had become a custom in the Department to allow persons who owned land which had been included in forest reserves on full compliance with all the provisions of law to give a power of attorney to make selections of lieu lands under the Act of 1897 and that the papers establishing the surrender to the United States of

the land and the power of attorney evidencing the right to make a new selection in lieu thereof were known as lieu scrip; but that the Department had passed an order suspending all right to make lieu entries based upon what was known as Hyde scrip, that is, the surrender by F. A. Hyde & Company of land situated in a reserve as a basis for the selection of lieu land. It was alleged that under this order, without rejecting the particular application of the complainants which was pending for action, the Land Department in violation of law and the rights of the complainants had patented the land covered by the second application to the defendants or those under whom they held. Hence the relief which we have at the outset stated was prayed.

The bill was demurred to for want of equity. The demurrer was sustained. The case was taken to the Circuit Court of Appeals, where the judgment was affirmed, the court resting its opinion in express terms upon the ruling which had been previously made by it in *Daniels* v. *Wagner,* which ruling has been here since reversed in the case referred to at the outset.

In the discussion at bar reference is made by the appellees to the first application to enter the land pending the request of the State for a survey and reliance is placed upon that fact to establish that the decree below rests upon an independent ground of law and fact not involving the existence of the discretionary power passed upon in the *Daniels Case.* But conceding, for the sake of the argument only the soundness of the contention, this does not control the case, as the rights of the complainants are in addition based upon the second application to make the lieu entry, which, as we have seen, was filed after the survey and after the State had made such selections as it desired and after the time for selections by it had expired. The case therefore must necessarily rest upon the general action of the Department concerning what was known as Hyde

scrip, and this in view of the manner in which the right was asserted necessarily raises the question of the existence of the discretionary power which was passed upon in the *Daniels Case*, a result clearly indicated by the action of the court below in basing its ruling in this case upon that which it had previously made in the *Daniels Case*. We think therefore that as our previous decision in the *Daniels Case* unmistakably establishes that the ground upon which the court maintained the demurrer in this case was an erroneous one, it must follow, as there is no ground independent of that upon which the action of the court can be sustained, that the decree must be reversed and the case remanded for further proceedings in accordance with this opinion.

*Reversed.*